UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHARLES MUHAMMAD,

                Plaintiff,

      -against-

DEPARTMENT OF NAVY (USN); THE
SECRETARY JOHN DOE, and YEOMAN
JOHN DOE,

                Defendants.
------------------------------------------------------------x
CHARLES MUHAMMAD,

                Plaintiff,

      -against-

DEPARTMENT OF NAVY (USN); and
SECRETARY JOHN DOE,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-926 (SLT)(LB)

14-CV-1290 (SLT)(LB)

**TOWNES, United States District Judge:**

In a submission dated September 28, 2015, *pro se* plaintiff Charles Muhammad moves for an extension of time to file a notice of appeal from a "judgment ... entered on December 3, 2014." Since no judgments were entered on that date in either of the above-captioned cases, the Court construes plaintiff's motion as seeking an extension of time to appeal a December 3, 2014, order of the Second Circuit Court of Appeals, which denied plaintiff's motion to proceed *in forma pauperis* and dismissed his appeal in *Muhammad v. Dep't of Navy*, No. 14-CV-1290 (SLT). For the reasons explained below, neither this Court nor any other court can grant the relief plaintiff seeks.

## BACKGROUND

In February 2014, plaintiff, who served in the United States Navy in the mid-1940s, commenced these two actions against the Department of the Navy and individual defendants, alleging acts which occurred around the time of his separation from the service in July 1946. In a memorandum and order dated March 28, 2014, and filed April 1, 2014, the Court dismissed both actions for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *Muhammad v. Dep't of Navy*, Nos. 14-CV-926 (SLT) & 14-CV-1290 (SLT), 2014 WL 1330902 (E.D.N.Y. Apr. 1, 2014). In that memorandum and order, the Court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. *Id.*, at *7 (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

In mid-April 2014, within three weeks of receiving the civil judgment dismissing the cases, plaintiff filed several submissions, including a notice of appeal. Plaintiff did not include a filing fee or an *in forma pauperis* application with his submissions. The Second Circuit processed the appeals in the two above-captioned cases separately. On May 5, 2015, the Second Circuit issued an order with respect to the appeal in the first above-captioned case (i.e., No. 14-CV-926), dismissing that appeal effective May 27, 2014, unless plaintiff (1) paid the filing fee, (2) moved for leave to proceed *in forma pauperis*, or (3) advised the Second Circuit that he had already filed such a motion by that date. Plaintiff did not take any of the three actions within the time allowed and the appeal was, therefore, dismissed. *See Muhammad v. Dep't of Navy*, No. 14-1342, Mandate, p. 1 (2d Cir. Oct. 22, 2014).

The appeal from the second above-captioned action (No. 14-CV-1290) was addressed in an order dated December 3, 2014. By that time, plaintiff had filed an amended notice of appeal

which, unlike the original notice of appeal, attached a motion to proceed *in forma pauperis*. However, the Second Circuit denied that motion and dismissed the appeal, stating that it lacked "an arguable basis in law or fact." *See Muhammad v. Dep't of Navy*, No. 14-1345, Mandate, p. 2 (2d Cir. Jan. 28, 2015).

Notwithstanding the Second Circuit's mandate dismissing his appeal in No. 14-CV-1290, plaintiff filed a motion for leave to appeal in that case in early June 2015. In a memorandum and order dated July 9, 2015, and filed July 10, 2015, this Court denied that motion, noting that the Court had "already certified that any appeal taken from the order dismissing this action would not be taken in good faith," and that the Second Circuit had "already dismissed plaintiff's appeal as having no 'arguable basis in law or fact.'"

***The Instant Motion***

On September 28, 2015, plaintiff filed a "Motion for Extension of Time to File Notice of Appeal" in the two above-captioned cases. The motion cites to Rule 4(a) of the Federal Rules of Appellate Procedure but states that plaintiff "desires to appeal the judgment in this action entered on 12-3-14." The motion provides no reason for extending time other than to state that plaintiff "failed to file a notice because [of a] misunderstanding of the 28 U.S.C. § 1915 revocation of 'IFP' within [a] reasonable time."

## DISCUSSION

There is no "judgment" entered on December 3, 2014, in either of the above-captioned cases. Rather, that is the date of the Second Circuit's order denying plaintiff's motion for leave to proceed *in forma pauperis* in No. 14-CV-1290 and dismissing plaintiff's appeal in that case.

3

Accordingly, the Court construes the instant motion as seeking permission for an extension of time in which to appeal the Second Circuit's order in that case.

This Court cannot grant the relief plaintiff requests. Rule 13.1 of the Rules of the Supreme Court of the United States provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by ... a United States court of appeals ... is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." Under Rule 13.3, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Only "a Justice [of the Supreme Court] may extend the time to file a petition for a writ of certiorari ...." S. Ct. R. 13.5. Moreover, even a Justice can extend the time only "[f]or good cause" and "for a period not exceeding 60 days." *Id.* "An application to extend the time to file a petition for a writ of certiorari is not favored," *id.*, and extensions are denied even in capital cases. *See, e.g., Penry v. Texas*, 515 U.S. 1304, 1305 (1995).

In light of these rules, the Court cannot grant an extension of time to appeal from the Second Circuit's order. Indeed, even a Justice of the Supreme Court would be unable to do so because more than 150 days have passed since entry of the Second Circuit's December 3, 2014, order. Accordingly, the instant motion is denied.

## *CONCLUSION*

For the reasons stated above, plaintiff's "Motion for Extension of Time to File Notice of Appeal" is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this memorandum and order would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: October 13, 2015
Brooklyn, New York