UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHARLES MUHAMMAD,

                Plaintiff,          **MEMORANDUM AND ORDER**

               -against-                    14-CV-926 (SLT)

DEPARTMENT OF NAVY (USN); SECRETARY
JOHN DOE; and YEOMAN JOHN DOE,

                Defendants.
-----------------------------------------------------------x
CHARLES MUHAMMAD,

                Plaintiff,

               -against-                    14-CV-1290 (SLT)

DEPARTMENT OF NAVY (USN); and
SECRETARY JOHN DOE,

                Defendants.
-----------------------------------------------------------x

**TOWNES, United States District Judge:**

      In papers dated September 30, 2015, and filed October 2, 2015, *pro se* plaintiff Charles Muhammad moves to reopen the two above-captioned cases, asserting that reconsideration is warranted. In support of the motion, plaintiff principally relies on two cases decided in the early 1960s which have nothing to do with plaintiff's case. For the reasons set forth below, plaintiff's motion is denied.

## *BACKGROUND*

      The procedural history of these two actions has been described in the Court's prior opinions in these two cases, familiarity with which is assumed. However, for the convenience of the reader, the Court offers this brief recap.

In February 2014, plaintiff, who served in the United States Navy in the mid-1940s, commenced these two actions against the Department of the Navy and individual defendants, alleging acts which occurred around the time of his separation from the service in July 1946. By the time he filed these two actions, plaintiff had already filed at least 17 cases in the United States District Court for the Southern District of New York ("the SDNY") and at least 9 actions in the United States District Court for the District of New Jersey. Indeed, both actions were filed after plaintiff had already been barred from filing any new actions *in forma pauperis* in the SDNY without first obtaining leave to file, *Muhammad v. Dep't of Navy*, No. 11 Civ. 1935 (LAP), slip op. at 1 (S.D.N.Y. June 30, 2011), and 14-CV-1290 (SLT) was commenced on the same day that the SDNY denied plaintiff permission to file an action virtually identical to No. 14-CV-926 (SLT). *See Muhammad v. Dep't of Navy*, No. 14 Civ. 835 (LAP), slip op. at 1 (S.D.N.Y. Feb. 24, 2014).

The complaint in both No. 14-CV-926 (SLT) and 14 Civ. 835 (LAP) principally alleged violations of employment discrimination statutes, but also suggested certain tort claims. The Court dismissed the complaint in No. 14-CV-926 (SLT) on the merits, noting that the employment discrimination statutes on which plaintiff relied were not enacted until decades after plaintiff separated from the Navy and that any torts claims were barred by the *Feres* doctrine. *Muhammad v. Dep't of Navy*, Nos. 14-CV-926 (SLT) & 14-CV-1290 (SLT), 2014 WL 1330902, at * 5 (E.D.N.Y. Apr. 1, 2014). In that same memorandum and order, the Court dismissed the complaint in No. 14-CV-1290 (SLT), which alleged violations of criminal statutes and the False Claims Act, 31 U.S.C. § 3729 *et seq*.

On April 14, 2014, plaintiff filed a 14-page submission which requested, among other things, reconsideration of the April 1, 2014, memorandum and order. *See* Document 7 in No. 14-CV-926 and Document 6 in 14-CV-1290. The Court construed that submission and a one-page document filed shortly thereafter (Document 8 in No. 14-CV-926 and Document 7 in 14-CV-1290) as collectively comprising a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In a memorandum and order dated May 13, 2014, and filed May 14, 2014, the Court denied that motion in its entirety. *See Muhammad v. Dep't of Navy*, Nos. 14-CV-926 (SLT) & 14-CV-1290 (SLT), slip op. (E.D.N.Y. May 14, 2014).

Plaintiff also filed notices of appeal with respect to both of the above-captioned cases, but did not include a filing fee or an *in forma pauperis* application with the notices. The Second Circuit processed the appeals in the two cases separately. On May 5, 2014, the Second Circuit issued an order with respect to the appeal of No. 14-CV-926, dismissing that appeal effective May 27, 2014, unless plaintiff (1) paid the filing fee, (2) moved for leave to proceed *in forma pauperis*, or (3) advised the Second Circuit that he had already filed such a motion by that date. Plaintiff did not take any of the three actions within the time allowed and the appeal was, therefore, dismissed. *See Muhammad v. Dep't of Navy*, Nos. 14-2013 & 14-1342, Mandate, p. 1 (2d Cir. Oct. 22, 2014).

The appeal from the judgment in No. 14-CV-1290 was addressed in an order dated December 3, 2014. By that time, plaintiff had filed an amended notice of appeal which, unlike the original notice of appeal, attached a motion to proceed *in forma pauperis*. However, the Second Circuit denied that motion and dismissed the appeal, stating that it lacked "an arguable basis in law or fact." *See Muhammad v. Dep't of Navy*, No. 14-1345, Mandate, p. 2 (2d Cir. Jan. 28, 2015).

Notwithstanding the Second Circuit's mandate dismissing his appeal in No. 14-CV-1290, plaintiff filed a motion for leave to appeal in that case in early June 2015. In a memorandum and order dated July 9, 2015, and filed July 10, 2015, this Court denied that motion, noting that the Court had "already certified that any appeal taken from the order dismissing this action would not be taken in good faith," and that the Second Circuit had "already dismissed plaintiff's appeal as having no 'arguable basis in law or fact.'" *See Muhammad v. Dep't of Navy*, Nos. 14-CV-926 (SLT) & 14-CV-1290 (SLT), slip op. (E.D.N.Y. June 10, 2015).

On October 2, 2015, plaintiff filed a "Motion for Extension of Time to File Notice of Appeal," dated September 28, 2015. The motion cited to Rule 4(a) of the Federal Rules of Appellate Procedure but stated that plaintiff "desires to appeal the judgment in this action entered on 12-3-14." In a memorandum and order dated October 13, 2015, and filed October 19, 2015, the Court noted that no judgment had been entered on December 3, 2014, but the Second Circuit's order denying plaintiff's motion for leave to proceed *in forma pauperis* in No. 14-CV-1290 and dismissing plaintiff's appeal in that case was dated December 3, 2014. Accordingly, the Court construed that motion as seeking permission for an extension of time in which to appeal the Second Circuit's order in that case. The Court denied that motion, noting that it was essentially a motion to extend plaintiff's time to file a petition for a writ of certiorari and holding that this Court is unable to grant such an extension. *See Muhammad v. Dep't of Navy (USN)*, No. 14-CV-1290 (SLT)(LB), 2015 WL 6157311, at *2 (E.D.N.Y. Oct. 19, 2015).

*The Instant Motion*

On September 30, 2015, plaintiff filed another motion for reconsideration, seeking to reopen both of the above-captioned cases. The motion consists of three documents: a notice of motion; an "Affirmation in Support of Motion," executed by plaintiff on September 30, 2015, and a document entitled, "Rebuttal Affirmation," executed by plaintiff on September 29, 2015. The notice of motion states that plaintiff seeks an order "granting ... reconsideration and reopen[ing] cases 14-CV-1290 (SLT) [and] 14-CV-926 (SLT)," but does not specify the order which plaintiff wants the Court to reconsider. The basis for the motion is also unclear. The text states that plaintiff is moving "pursuant to Rule 40 Fed. R. Civ. P. Rule 3," but the caption lists several other statutes and rules under the heading "Notice of Motion," including "FRAP 40," 42 U.S.C. § 1983, 28 U.S.C. § 1916, and Rule 60 of the Federal Rules of Civil Procedure.

The "Affirmation in Support of Motion" again states that plaintiff is moving for "an order of reconsideration, and to re-open the case," but also fails to identify the order to be reconsidered. The affirmation does, however, provide a basis for reconsideration, stating, "The reason why I am entitled to the relief I seek is the following: Cooper v. Pate, Warden, No. 1134 Misc Decided June 22, 1964 certiorari granted and judgement reversed ... [and] Pierce v. LaVallee, 293 F.2d 233 (C.A. 2d Cir.)." The submission does not discuss these cases, much less explain why they are controlling in this case.

The "Rebuttal Affirmation" asserts that an unspecified, prior "[m]emorandum and order is [an] abuse of discretion," and states that "Judge Townes implying, insulting subjective, may be clear to her it, is not part of the law." The affirmation does not specifically identify the "memorandum and order" to which it refers, much less identify controlling decisions or facts

5

which that opinion overlooked. Rather, the affirmation quotes Black's Law Dictionary's definition of the word "reconsideration," and argues that the "memorandum and order is repugnant to the express wording" of some unspecified "statute."

Attached to the motion are several exhibits, some of which are annotated and some of which either appear irrelevant or are incomprehensible. Among the exhibits is a copy of Court of Appeals Docket Number 11-2883, which pertains to an appeal from the SDNY's "Bar Order" dated June 30, 2011, which prohibited plaintiff from filing *in forma pauperis* cases in that court without the court's permission. The Second Circuit dismissed that appeal on the same ground it used to dismiss plaintiff's appeal of this Court's order dismissing No. 14-CV-926 (SLT): plaintiff's failure to pay the filing fee. Plaintiff has handwritten a "note" on the bottom of this docket sheet, asserting that the Second Circuit's order dismissing that appeal violated 28 U.S.C. § 1916, a statute which provides that seamen may institute certain types of appeals without a prepayment of fees.

## *DISCUSSION*

Preliminarily, the Court notes that plaintiff's papers do not specify the memorandum and order which plaintiff wants the Court to reconsider. Moreover, it is unclear whether this motion is based on Rule 60(b) of the Federal Rules of Civil Procedure or Rule 40 of the Federal Rules of Appellate Procedure. In light of plaintiff's *pro se* status, the Court will analyze the motion under both statutes and determine whether the arguments suggested by plaintiff's motion constitute a basis for reconsidering any of this Court's prior opinions.

*Rule 60(b)*

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "[F]inal judgments should not be lightly reopened," *id.* (internal quotations omitted), and 60(b) motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). While this Court recognizes that *pro se* submissions must be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), *pro se* litigants are not "exempt ... from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Although plaintiff's Affirmation in Support of Motion cites to two decisions which this Court did not consider in deciding any of plaintiff's prior motions, those decisions are not relevant to this action, much less controlling. In *Cooper v. Pate*, 378 U.S. 546 (1964), an inmate brought an action against his prison's warden under 42 U.S.C. § 1983, alleging that he was denied permission to purchase certain religious publications and denied other privileges enjoyed by other prisoners solely because of his religious beliefs. The District Court granted the warden's motion to dismiss for failure to state a claim on which relief could be granted and the Seventh Circuit Court of Appeals affirmed that ruling. *See Cooper v. Pate*, 324 F.2d 165 (7th Cir. 1967). The Supreme Court, however, granted the inmate's petition for certiorari and reversed the Seventh Circuit in a *per curiam* decision, stating: "Taking as true the allegations of the complaint, ... the complaint stated a cause of action and it was error to dismiss it." *Cooper*, 378 U.S. at 546.

The Supreme Court's decision in *Cooper* cited to *Pierce v. LaVallee*, 293 F.2d 233 (2d Cir. 1961), a case which involved three § 1983 actions brought by New York State inmates who had been denied permission to purchase the Koran, subjected to solitary confinement because of their religious beliefs and deprived of good time, and denied permission to establish contact with a spiritual advisor on the ground that such person was not on an approved correspondence list. At the trial of the three actions, the district court limited the issues to the denial of the Koran, holding that the other issues raised by the inmates concerned matters of prison discipline to be reviewed only in the state courts. On appeal, the Second Circuit recognized "[a] considerable body of authority, particularly from the Seventh and Ninth Circuits, hold[ing] that a state prisoner complaining of improper prison treatment must seek his relief in the state court."

*Pierce,* 293 F.2d at 234. However, the Second Circuit found those cases "quite distinguishable," and held that the three inmates' complaints, "with their charges of religious persecution, state[d] a claim under the Civil Rights Act ...." *Id.* at 235.

The two above-captioned cases are completely distinguishable from *Cooper* and *LaVallee*. First, plaintiff was never an inmate, but an enlisted serviceman. Second, plaintiff's actions were not brought pursuant to 42 U.S.C. § 1983, but alleged employment discrimination, violations of the Federal Claims Act and tort claims. Third, plaintiff did not contest current conditions of confinement, but sought to litigate claims which arose long ago. In short, none of the facts which led the Court to conclude that plaintiff's complaints failed to state a claim were present in either *Cooper* or *LaVallee*.

### *Rule 40*

To the extent that plaintiff is seeking reconsideration of the Second Circuit's dismissal of his appeals under Rule 40 of the Federal Rules of Appellate Procedure, his motion is untimely and defective. While Rule 40 permits a Petition for Panel Rehearing and Local Rule 40.2 of the Local Rules of the Second Circuit permits a Petition for Panel Reconsideration, such motions must be brought within 14 days, Fed. R. App. P. 40(a)(1), Local Rule 40.2 of the Court of Appeals for the Second Circuit, and meet certain procedural requirements, such as stating "with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended ...." Fed. R. App. P. 40(a)(2). The instant motion was filed months after the

mandates dismissing plaintiff's appeals were issued, and does not clearly identify any law or facts that the Second Circuit might have overlooked.[1]

***Warning***

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations omitted; brackets in original). Indeed, the Second Circuit has held that a filing injunction "is appropriate when a plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings.'" *Id.* (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir.1981) (per curiam)); *see also Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam). Plaintiff is warned that if the Court receives another submission from plaintiff relating to the subject-matter of the two above-captioned actions, the Court may direct plaintiff to show cause why a filing injunction should not issue prohibiting him from filing further actions or submissions without first obtaining the Court's permission.

---

[1] To the extent that plaintiff is attempting to argue that the Second Circuit overlooked 28 U.S.C. § 1916 in dismissing the appeal of No. 14-CV-926 (SLT) for failure to pay the appellate filing fees, plaintiff's argument misapprehends the scope of § 1916. That section provides, in pertinent part, that "seamen may institute and prosecute ... appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees ...." Even if plaintiff were a seaman, the above-captioned lawsuits do not seek to recover wages or to vindicate his rights under health and safety laws.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration and to re-open the two above-captioned cases is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Plaintiff is warned that continuing to file submissions relating to the subject-matter of the two above-captioned actions may result in a filing injunction (also known as a Bar Order) prohibiting him from filing further actions or submissions in this district without first obtaining the Court's permission.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 17, 2015
Brooklyn, New York